IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00396-GPG

DUMISAI HASANI HOCKADAY,

    Plaintiff,

v.

CORE CIVIC, In its Official Capacity,
JEFF VARNER, Contract Worker/Case Manager (Core Civic Employee) at Crowley
    County Correctional Facility, in His Official and Individual Capacities,

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff, Dumisai Hasani Hockaday, is in the custody of the Colorado Department of Corrections (CDOC) at the Crowley County Correctional Facility ("CCCF") in Olney Springs, Colorado.  Mr. Hockaday has filed a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983.

    Mr. Hockaday has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (*See* ECF No. 4).  Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if Plaintiff's claims are frivolous or malicious.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Subsection (e)(2)(B)(iii) of § 1915 requires a court to dismiss at any time an action that seeks monetary relief against a defendant who is immune from such relief.

The Prisoner Complaint is construed liberally because Plaintiff is not represented by counsel. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as an advocate for *pro se* litigants. See *Hall*, 935 F.2d at 1110. The Court has reviewed the Prisoner Complaint pursuant to D.C.COLO.LCivR 8.1(b). For the reasons discussed below, the Prisoner Complaint and this action will be dismissed as legally frivolous.

## I. The Prisoner Complaint

Mr. Hockaday alleges that Defendant Core Civic, formerly known as Corrections Corporation of America, owns and operates CCCF, pursuant to a contract with the State of Colorado. (ECF No. 1 at 2, 6). Defendant Jeff Varner is a Core Civic employee and Plaintiff's case manager at CCCF. (*Id.* at 2, 7). Plaintiff alleges that Defendant Varner is aware of his pending civil rights action in Case No. 17-cv-01018-MSK-MJW. Mr. Hockaday states that on August 22, 2017, a telephonic status conference was held by Magistrate Judge Michael J. Watanabe, in Case No. 17-cv-01018-MKS-MJW. At the conclusion of the status conference, Magistrate Judge Watanabe set a scheduling conference for November 7, 2017. (*Id.* at 8). According to Plaintiff, the date and time of the scheduling conference was conveyed to Defendant Varner.

Mr. Hockaday alleges that CCCF went into a lockdown on October 27, 2017, due to a facility disruption. Plaintiff asserts that due to Defendant Varner's failure to follow prison procedures, he was not allowed to participate in the November 7, 2017 scheduling conference, which occurred while CCCF was still in lockdown. Mr. Hockaday maintains that the "practical effects" of his failure to appear by telephone at the scheduling conference are "contempt of court; dismissal of the case; entry of a decision against Plaintiff Hockaday; and applicable sanctions, including but not limited

to filing and docketing fees, and opponent's attorney's fees." (*Id.* at 10).  Plaintiff further complains that he was hindered in his ability to address the Court with relevant questions and concerns about his case, and has suffered a lack of knowledge about upcoming court dates.  (*Id.* at 11).   Mr. Hockaday also alleges that Defendant Varner's actions were an isolated incident, but that Plaintiff fears further retaliation by Core Civic employees in connection with any future court-ordered appearances.  Mr. Hockaday requests equitable and monetary relief.

## II. Analysis

### A. Claims Against Core Civic and Jeff Varner, in his Official Capacity

Core Civic is a private corporation that contracts with the CDOC to operate CCCF.  A private corporation and its employees sued in their official capacities are liable under § 1983 only when an official policy or custom of the corporation causes or is the "moving force of the constitutional violation."  *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978).  *See also Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations).  Thus, Core Civic and Jeff Varner, sued in his official capacity, are subject to liability under § 1983 only if the alleged harm resulted from an unconstitutional policy or custom on the part of Core Civic.  *See Smedley v. Corrections Corp. of America*, No. 04-5113, 175 F. App'x 943, 946 (10th Cir. Dec. 20, 2005) (unpublished) ("[I]n order to hold CCA liable for the alleged tortious acts of its agents, [the plaintiff] must show that CCA directly caused the constitutional violation by instituting an official municipal policy of some nature, that was the direct cause or moving force behind the constitutional violations." (internal quotation marks and citations omitted)).  Plaintiff cannot maintain a § 1983 claim against

Defendant Core Civic and Jeff Varner, sued in his official capacity, on the basis that Defendant Varner allegedly inflicted injury on the Plaintiff. *See id.* at 946 (citing *Monell v. Dep't of Social Services of New York,* 436 U.S. 658, 694 (1978)).

In the Prisoner Complaint, Mr. Hockaday does not state any specific facts to show that the alleged violation of his constitutional rights by Defendant Varner was the result of an unconstitutional policy or custom of Core Civic. Indeed, he alleges that Defendant Varner violated the prison's policy that inmates must be made available for telephone conferences ordered by the court. As such, Core Civic, and Jeff Varner, sued in his official capacity, are improper Defendants to this action and will be dismissed. The Court will not afford Mr. Hockaday an opportunity to amend his claims against Core Civic and Jeff Varner, sued in his official capacity, because, for the reasons discussed below, the underlying constitutional claim is frivolous.

**B. § 1983 Claim Against Defendant Varner, in his Individual Capacity**

Mr. Hockaday sues Defendant Varner, in his individual capacity, under § 1983 for violating Plaintiff's constitutional right of access to the courts.

To state an arguable claim for denial of the constitutional right of access to the courts, Mr. Hockaday must allege facts to show that Defendant Varner's alleged actions hindered Plaintiff's efforts to pursue a non-frivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 351, 356 (1996). *See also Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir.1998) ("To present a viable claim for denial of access to courts, . . ., an inmate must allege and prove prejudice arising from Defendants' actions.").

In the Prisoner Complaint, Mr. Hockaday alleges that he missed a November 2017 telephone status conference set by Magistrate Judge Watanabe in Case No. 17-

cv-01018-MSK-MJW, and he goes on to speculate about the possible prejudice he may suffer as a result.

The Court takes judicial notice of the electronic docket in Case No. 17-cv-01018-MSK-MJW.[1] The electronic docket reflects that a status conference was held on August 22, 2017, at which Plaintiff appeared by telephone. (ECF No. 63, Courtroom Minutes). At the status conference, a Scheduling Conference was set for November 7, 2017. (*Id.*). In an Order dated November 2, 2017, Magistrate Judge Watanabe vacated the Scheduling Conference set for November 7, 2017, and stayed discovery pending resolution of the Defendants' Motion to Dismiss. (ECF No. 87). On November 27, 2017, Magistrate Watanabe issued a minute order, in which he denied as moot the Plaintiff's "Ex Parte Application; For Order Enlarging Time (Docket No. 47)" because "[a]ny issues Plaintiff may have had in July or August 2017 as a result of a facility lockdown are moot." (ECF No. 89). The Court has not issued any further orders in Case No. 17-cv-01018-MSK-MJW since November 27, 2017.

Mr. Hockaday fails to state an arguable claim for relief based on the alleged denial of his constitutional right of access to the courts. Plaintiff's allegations that Defendant Varner prevented him from attending a Scheduling Conference by telephone on November 7, 2017 are belied by the electronic docket which indicates that the November 7 Scheduling Conference was vacated by order dated November 2, 2017. Further, Mr. Hockaday has failed to allege facts to show that Defendant Varner engaged in any conduct that hindered him from pursuing his claims in Case No. 17-cv-01018-MSK-MJW. Discovery in that action has been stayed pending a ruling on the

---

[1] The Court may take judicial notice of the filings in other cases pending before this Court. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

Defendants' Motion to Dismiss, filed on August 25, 2017 (ECF No. 70), to which Plaintiff filed a response on September 12, 2017 (ECF No. 75). Therefore, there are no pending deadlines in Case No. 17-cv-01018-MSK-MJW with which Defendant Varner could possibly interfere.

Although the Court would normally afford a *pro se* plaintiff the opportunity to amend his pleading to state an arguable claim for relief, any amendment in this case would be futile. *See Curley v. Perry*, 246 F.3d 1278 (10th Cir. 2001) (recognizing that *sua sponte* dismissal of a prisoner complaint is appropriate where it is clear that the plaintiff cannot prevail on the facts alleged and any amendment would be futile).

Consequently, Mr. Hockaday's claim that Defendant Varner violated his constitutional right of access to the courts will be dismissed as legally frivolous.

**Mr. Hockaday is warned that prior to filing the instant action, he had two strikes against him pursuant to 28 U.S.C. § 1915(g).** *Hockaday v. State of Colorado*, **Case No. 11-cv-02909-LTB, was dismissed as legally frivolous on November 16, 2011 (strike 1).** *Hockaday v. Colorado Department of Corrections*, **Case No. 17-cv-02991-LTB, was dismissed as legally frivolous on February 6, 2018 (strike 2). The dismissal of the present action as legally frivolous is strike 3. If and when the second and third strikes ripen,** *see Childs v. Miller*, **713 F.3d 1262, 1266 (10th Cir. 2013), Mr. Hockaday will be barred from proceeding** *in forma pauperis* **"in future civil actions . . . in federal court unless he is 'under imminent danger of serious physical injury,' § 1915(g), and he makes 'specific and credible allegations' to that effect."** *Id.* **at 1267 (internal punctuation and citation omitted).**

**III. Orders**

For the reasons discussed above, it is

ORDERED that the Prisoner Complaint and this action are DISMISSED WITH PREJUDICE as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied pursuant to 28 U.S.C. § 1915(a)(3) because any appeal from this Order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Swiney files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED February 27, 2018, at Denver, Colorado.

BY THE COURT:

    s/Lewis T. Babcock             
LEWIS T. BABCOCK, Senior Judge
United States District Court